IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Stony Allison, #263717, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 8:08-2415-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| McKither Bodison, Warden of Lieber Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Stony Allison ("Allison") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Magistrate Judge Hendricks recommends granting Respondent's motion for summary judgment. Allison filed objections to the Report and Recommendation. For the reasons stated below, the court grants Respondent's motion for summary judgment.

I. FACTUAL AND PROCEDURAL BACKGROUND

Allison is currently incarcerated at Lieber Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. On January 19, 2000, Allison was found guilty

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

after a jury trial of murder, first degree arson, and second degree arson. (Resp't Mem. Supp. Summ. J. Exs. (App. 750-53 ).) Allison was sentenced to forty years' imprisonment for murder, fifteen years' imprisonment for first degree arson, and ten years' imprisonment for second degree arson, all such terms to be served concurrently. (Id. Exs. (App. 750-53).) Allison was represented at trial and sentencing by Andrew Johnston ("Johnston").

Allison timely appealed his conviction and sentence and was represented by Wanda H. Haile ("Haile") on appeal. Allison raised one issue on appeal:

> The lower court erred in allowing particular prior bad acts attributed to appellant into evidence at trial.

(Id. Exs. (App. 783).) The South Carolina Supreme Court affirmed Allison's conviction and sentence on January 16, 2002. (Id. Exs. (Supp. App. 614-617-A).)

Allison filed a pro se application for post-conviction relief ("PCR"), on October 17, 2002, alleging "[i]neffective assistance of counsel due to Rule 5 and Brady violation"; "ineffective counsel due to Miranda violation"; "[i]neffective counsel [because] Applicant[] was denied his 5th, 6th, & 14th, Amendment [rights]"; and "[i]neffective counsel due to unconstitutional jury instructions." (Id. Exs. (Supp. App. 618-36).) On December 15, 2004, the PCR court held an evidentiary hearing. Allison was represented by Thomas A. M. Boggs and Gracie Knie. On November 22, 2005, the PCR court entered an order of dismissal with prejudice. (Resp't Mem. Supp. Summ. J. Exs. (Order of Dismissal, App. 722-34 ).) Allison filed a Rule 52(b) motion pursuant to the South Carolina Rules of Civil Procedure on December 2, 2005, requesting that the PCR court amend the order and address his pro se documents titled "Default" and "Writ of Mandamus." (Id. Exs. (App. 735-40).) The PCR court denied the motion on December 19,

2005. (Id. Exs. (App. 746).) On March 2, 2007, Allison filed a petition for writ of certiorari raising the following issues:

1. Did the PCR Court err in denying Petitioner's request for Post-Conviction Relief which was based on the grounds that Petitioner's appellate counsel was ineffective for failing to raise on appeal the trial court's denial of Petitioner's motion to suppress the confession/s obtained in violation of Miranda?
2. Did the PCR Court err in denying Petitioner's request for Post-Conviction Relief which was based on the grounds that Petitioner's appellate counsel was ineffective for failing to raise on appeal that the trial Prosecution violated Rule 5 and Brady by withholding the identity of [a] witness as to motive until the first day of trial?
3. Did the PCR Court err in denying Petitioner's request for Post-Conviction Relief which was based on the grounds that Petitioner's trial and appellate counsel were ineffective because they did not address in his trial and appeal the failure of trial counsel to make a motion for directed verdict as to the charge of murder at the close of the state's case?
4. Did the PCR Court err in denying Petitioner's request for Post-Conviction Relief which was based on the grounds that Petitioner's appellate counsel failed to request a rehearing?
5. Did the PCR Court err in denying Petitioner's request for Post-Conviction Relief which was based on the grounds that Petitioner's trial and appellate counsel were ineffective for failing to address the outburst of witness, Randy Glenn Allen?
6. Did the PCR Court err in denying Petitioner's request for Post-Conviction Relief which was based on the grounds that Petitioner's trial and appellate counsel were ineffective for failing to request a curative instruction to the jury and to raise on appeal the trial court's reasonable doubt instruction to the jury?
7. Did the PCR Court err in denying Petitioner's request for Post-Conviction Relief which was based on the grounds that Petitioner's trial and appellate counsel were ineffective for failing to object to and to raise on appeal, the prosecutor's inappropriate remarks in his closing argument which attempted to arouse passion and prejudice?
8. Did the PCR Court err in denying Petitioner's request for Post-Conviction Relief which was based on the grounds that Petitioner's trial and appellate counsel were ineffective for failing to request at trial and to raise on appeal, an additional jury charge on criminal intent because said charge was omitted by the Court?
9. Did the PCR Court err in denying Petitioner's request for Post-Conviction Relief which was based on the grounds that Petitioner's trial and appellate

3

counsel were ineffective for failing to request an additional corrective jury charge as to the confusing murder charge and involuntary manslaughter charge of The Court?

(Id. Exs. (Pet. for Writ of Certiorari at 2).) On May 7, 2008, the South Carolina Supreme Court denied the petition for writ of certiorari. (Id. Exs. (May 7, 2008 Order).)

Allison filed the instant § 2254 petition on July 1, 2008,[2] raising the following claims:

GROUND ONE: Petitioner was denied his constitutional right to a fair trial when the trial court allowed prior bad acts in.

SUPPORTING FACTS: The court allowed a prior argument between the petitioner and his wife to be introduced to infer motive when in fact the argument had no relevance to the issue at hand. The prejudice impact clearly outweighed the probative value. Thus in allowing the prior bad acts in denied petitioner a fair trial[.] Clearly this was contrary to well established federal law.

GROUND TWO: Ineffective assistance of trial counsel and ineffective assistance of appellate counsel.

SUPPORTING FACTS:
ISSUE (A): Petitioner was denied his constitutionally guaranteed right to the effective assistance of appellate counsel when appellate counsel failed to raise on direct appeal the trial court's denial of petitioner's motion to suppress the confessions obtained in violation of Miranda.

ISSUE (B): Petitioner was denied his constitutionally guaranteed right to the effective assistance of appellate counsel when appellate counsel failed to raise on appeal that the prosecution violated Rule 5 and Brady by withholding the identity of witness as to motive until the first day of trial.

ISSUE (C): Petitioner was denied his constitutionally guaranteed right to the effective assistance of trial and appellate counsel when they did not address at trial or on appeal the failure of trial counsel to make a motion for a directed verdict on the murder charge.

ISSUE (D): Petitioner was denied his constitutionally guaranteed right to the effective assistance of appellate counsel when appellate counsel failed to file for rehearing from direct appeal.

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

ISSUE (E): Petitioner was denied his constitutionally guaranteed right to the effective assistance of trial counsel and appellate counsel when both counsel's failed to raise and address the issue of the outburst of witness, Randy Glenn Allen and in failing to do so petitioner was denied his fourteenth amendment right to a fair trial.

ISSUE (F): Petitioner was denied his constitutionally guaranteed right to the effective assistance of appellate counsel when appellate counsel for failing to address trial counsel's failure to request a curative instruction on the trial court's reasonable doubt instructions to the jury.

ISSUE (G): Petitioner was denied his constitutionally guaranteed right to the effective assistance of appellate counsel and trial counsel for failing to address the prosecutor's improper closing that denied petitioner his fourteenth amendment right to a fair trial.

ISSUE (H): Petitioner was denied his constitutionally guaranteed right to the effective assistance of trial counsel and appellate counsel when counsel failed to request at trial and raise on appeal an additional jury instruction on criminal intent because said charge was omitted by the court.

ISSUE (I): Petitioner was denied his constitutionally guaranteed right to the effective assistance of trial counsel and appellate counsel when trial counsel failed to request an additional jury instruction as to the confusing murder instruction and involuntary manslaughter charge, and appellate counsel was ineffective for addressing trial counsel's failure to preserve this issue.

ISSUE (J): Petitioner was denied his constitutionally guaranteed right to the effective assistance of counsel when counsel failed to object to the unconstitutional sentence that was handed down by the court that was contrary to legislative intent.

ISSUE (K): Petitioner was denied his constitutionally guaranteed right to the effective assistance of PCR appellate counsel, when PCR appellate counsel failed to address the issue of petitioner's unconstitutional sentence on PCR appeal.

(Allison § 2254 Pet., generally.) Respondent filed a motion for summary judgment on November 10, 2008. Allison filed a memorandum in opposition to Respondent's motion for summary

judgment on January 16, 2009. Magistrate Judge Hendricks recommends granting Respondent's motion for summary judgment. Allison filed objections on August 3, 2009.[3]

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

---

[3] Id.

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Allison has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [Allison's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## C. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The magistrate judge recommends granting Respondent's motion for summary judgment because: (1) Ground One and Ground Two issues B, C, D, E, F, G, H, and J, raising ineffective assistance of appellate counsel, are procedurally barred; and (2) the remaining ineffective assistance of counsel claims fail on the merits. (Report and Recommendation, generally.)

Allison filed objections to the Report and Recommendation. After review, however, the court finds that some of Allison's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims. However, Allison provides seven specific objections to the magistrate judge's Report. According to Allison, the magistrate judge erred in finding that (1) Ground One and Ground Two issues B, C, D, E, F, G, H, and J, raising ineffective assistance of appellate counsel, are procedurally barred; (2) appellate counsel was not constitutionally ineffective for failing to raise on appeal that Allison's statements to authorities should have been suppressed; (3) appellate counsel was not ineffective for failing to raise on appeal "the trial judge's denial of a motion for a continuance" because of the prosecution's Rule 5 and Brady violation for "withholding the identity of a witness as to motive until the first day of trial"; (4) trial counsel was not constitutionally ineffective for failing to

object to improper remarks by the prosecutor during closing argument; (5) trial counsel was not constitutionally ineffective for failing to object to improper jury instructions on criminal intent; (6) trial counsel was not constitutionally ineffective for failing to object to "the unconstitutional sentence"; and (7) PCR counsel was not constitutionally ineffective. (Objections, generally.)

### 1. Procedurally Defaulted Claims

First, Allison objects to the magistrate judge's conclusion that Ground One and Ground Two issues B, C, D, E, F, G, H, and J, raising ineffective assistance of appellate counsel claims, are procedurally barred. (Objections 7.) "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Greene, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Allison alleges in Ground One that his due process rights were violated because the trial court allowed the prosecution to introduce prior bad acts evidence. The trial court denied trial counsel's objection based on a state evidentiary ruling, not a constitutional issue. The trial court allowed Tamara Allison, Allison's wife, to testify regarding arguments she had with Allison on the night his grandmother was killed in the trailer fire. The trial court found that the evidence was admissible under the South Carolina Rules of Evidence as having "some bearing on intent." (Resp't Mem. Supp. Summ. J. Exs. (App. 308-310).) On appeal, Allison alleged that the trial court erred in "allowing particular prior bad acts attributed to appellant into evidence at trial." (Id. Exs. (Supp. App. 594).) The court of appeals found that the evidence of Allison's

"confrontations with Tamara was relevant to showing his state of mind and reflecting his violent behavior on the night of the crimes" under Rule 404(b) under the South Carolina Rules of Evidence. (Id. Exs. (Supp. App. 617).) In addition, the court of appeals found that the probative value of this evidence "outweighs any prejudicial effect" under Rule 403. (Id. Exs. (Supp. App. 617).) Further, the court of appeals held that the evidence "was probative as to [Petitioner's] intent to commit the arsons and murder and whether he acted maliciously." (Id. Exs. (Supp. App. 617).) Additionally, the court held that the challenged evidence was admissible based on the res gestae theory. (Resp't Mem. Supp. Summ. J. Exs. (Supp. App. 617).)

"In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal citation omitted). Therefore, the South Carolina Court of Appeals ruled on the propriety of the evidentiary ruling not a due process claim. The court finds that Ground One was not fairly presented in state court and is procedurally defaulted.

With respect to Ground Two issues B, C, D, E, F, G, H, and J, raising ineffective assistance of appellate counsel, Allison alleges that he requested in his Rule 52(b) motion that the PCR court rule on all of his grounds for relief. The Rule 52(b) motion alleged that "the Order does not address petitioner's 'Default,' filed February 18, 2003 or 'Writ of Mandamus,' filed on March 31, 2004." (Resp't Mem. Supp. Summ. J. Exs (App. 735).) Further, the memorandum in support of the motion listed the issue as follows: "[W]as petitioner denied due process and equal protection when this court refused to rule on his default?" (Id. Exs. (App. 736).) Allison further

"confrontations with Tamara was relevant to showing his state of mind and reflecting his violent behavior on the night of the crimes" under Rule 404(b) under the South Carolina Rules of Evidence. (Id. Exs. (Supp. App. 617).) In addition, the court of appeals found that the probative value of this evidence "outweighs any prejudicial effect" under Rule 403. (Id. Exs. (Supp. App. 617).) Further, the court of appeals held that the evidence "was probative as to [Petitioner's] intent to commit the arsons and murder and whether he acted maliciously." (Id. Exs. (Supp. App. 617).) Additionally, the court held that the challenged evidence was admissible based on the res gestae theory. (Resp't Mem. Supp. Summ. J. Exs. (Supp. App. 617).)

"In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court . . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal citation omitted). Therefore, the South Carolina Court of Appeals ruled on the propriety of the evidentiary ruling not a due process claim. The court finds that Ground One was not fairly presented in state court and is procedurally defaulted.

With respect to Ground Two issues B, C, D, E, F, G, H, and J, raising ineffective assistance of appellate counsel, Allison alleges that he requested in his Rule 52(b) motion that the PCR court rule on all of his grounds for relief. The Rule 52(b) motion alleged that "the Order does not address petitioner's 'Default,' filed February 18, 2003 or 'Writ of Mandamus,' filed on March 31, 2004." (Resp't Mem. Supp. Summ. J. Exs (App. 735).) Further, the memorandum in support of the motion listed the issue as follows: "[W]as petitioner denied due process and equal protection when this court refused to rule on his default?" (Id. Exs. (App. 736).) Allison further

states that he filed a "motion for default" prior to the PCR evidentiary hearing "due to respondent's refusal to comply with Rule 12(a) SCRCP." (Id. Exs. (App. 737).) Moreover, Allison did not file a Rule 59(e) motion to alter or amend. Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000) (holding that "party must timely file a Rule 59(e) motion to preserve for review any issues not ruled upon by the court in its order"). Based on the foregoing, Allison did not request that the PCR court rule on his ineffective assistance of appellate counsel Ground Two issues B, C, D, E, F, G, H, and J. As such, these claims are procedurally defaulted.

Procedural default may be excused only if Allison "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Allison, however, has presented no evidence to establish cause or prejudice.

### 2. Ineffective Assistance of Counsel Claims

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Allison must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Allison must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

a. Allison's Statements

Allison alleges that appellate counsel was constitutionally ineffective in failing to appeal the trial court's decision denying Allison's motion to suppress his post-arrest statements to police. Allison alleges that he was not informed of his <u>Miranda</u> rights upon being taken into custody and that he was questioned by officers after being taken into custody before "any Miranda warnings were given." (Objections 13.) As the magistrate judge noted, the record supports appellate counsel's decision to not raise this issue on appeal. <u>Miranda</u> warnings must be given prior to any questioning, not upon being placed into custody.

> Under <u>Miranda</u>, a suspect must be "warned prior to any questioning that he has the right to remain silent, that anything he says may be used against him in court of law, that he has the right to the presence of any attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires."

<u>Montejo v. Louisiana</u>, 129 S. Ct. 2079, 2101 n.7 (U.S. 2009). In addition, the police officers testified that Allison was not questioned until after he was given his Miranda rights. (Resp't Mem. Supp. Summ. J. Exs. (App. 58, 97-98).) Based on the evidence, the PCR court found that there was "no merit to the question of whether or not the statement was voluntarily given and whether or not the <u>Miranda</u> rights were properly given to the Applicant." (<u>Id.</u> Exs. (App. 731, Order at 10).) The court finds that Allison's trial counsel was not constitutionally ineffective in failing to raise this issue on appeal. Further, the court finds that the PCR court's decision was not contrary to clearly established federal law, and the decision was not unreasonable. Accordingly, Allison's objection is without merit.

b. Denial of Motion to Continue Based on Alleged Violation of Rule 5 and Brady.

Allison argues that appellate counsel was ineffective for failing to appeal the trial court's denial of his motion to continue based on the prosecutor's violation of Rule 5 and Brady. (Objections 15.) Prior to the beginning of trial, the prosecutor informed Allison that a witness had provided evidence the day before that Allison's uncle had cashed checks for the deceased victim. (Resp't Mem. Supp. Summ. J. Exs. (App. 117).) This evidence created a possible motive for Allison murdering his grandmother. (Id. Exs. (App. 117).) Trial counsel moved for a continuance and to suppress the evidence. The trial court denied the motion. (Id. Exs. (App. 121).) However, the trial court agreed to recess and allow trial counsel the opportunity to interview the witness and examine the evidence. (Id. Exs. (App. 121).) Appellate counsel testified during the PCR hearing that she did not believe this issue had any merit and that any error by the trial court was cured by the trial court's recess to allow trial counsel time to inspect the evidence and interview the witness. (Id. Exs. (App. 683; 686-88).)

> Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel.

Morris v. Slappy, 461 U.S. 1, 11-12 (1983). The PCR court found that Allison had failed to show that "appellate counsel's performance was unreasonable" and "that he was prejudiced by appellate counsel's alleged deficiency." (Resp't Mem. Supp. Summ. J. Exs. (App. 730).) Thus, Allison has failed to support his argument that his appellate counsel was objectively

13

unreasonable in failing to raise this issue on appeal. Based on the foregoing, the court finds that the PCR court's decision was not contrary to clearly established federal law, and the decision was not unreasonable. Therefore, Allison's objection is without merit.

### c. Prosecutor's Improper Remarks in Closing Arguments

Allison argues that his trial counsel was ineffective for failing to object to the prosecutor's clearly prejudicial remarks in closing. (Objections 18.) The prosecutor stated:

> Now no one wants to believe that a grandson would kill his grandmother. But who wants to believe that a son or that a husband would beat his wife or that a parent would kill a child or that a child would kill a parent. You hear about those things everyday.

(Resp't Mem. Supp. Summ. J. Exs. (Supp. App. 538).) Allison argues that

> the import of the statement was to stereotype Petitioner with the certain class of individuals whom the prosecutor was labeling Petitioner with. This statement merely told the Jury that just because [a] son or husband would beat his wife or that a parent would kill a child or that a child was [sic] kill a parent . . . then surely Petitioner was guilty of killing his grandmother.

(Objections 18.) The PCR court found that trial counsel was not constitutionally ineffective because "the statements made by the Solicitor during his closing argument were not improper and were not objectionable." (Resp't Mem. Supp. Summ. J. Exs. (App. 728).) In determining whether remarks made by a prosecutor have rendered a trial fundamentally unfair, "it is not enough that the remarks were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). Instead, "[t]he relevant question is whether" the prosecutor's "comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." Id. (internal quotation marks omitted). The court has reviewed the record and finds that the prosecutor's comments did not render

Allison's trial fundamentally unfair or prejudice him. Therefore, trial counsel was not constitutionally ineffective in failing to object during closing arguments. Further, the PCR court's decision was not contrary to clearly established federal law, and the decision was not unreasonable in light of the evidence. Based on the foregoing, Allison's objection is without merit.

### d. Improper Jury Charge on Criminal Intent

Allison alleges that his trial counsel was ineffective in failing to object to the trial court's charge on intent and to raise this issue on appeal. The trial court charged, in pertinent part, that "criminal intent is the mental state . . . a conscious wrong doing." (Resp't Mem. Supp. Summ. J. Exs. (App. 573).) In addition, the trial court charged that "[v]oluntary intoxication is never an excuse or a defense to a crime regardless of whether the intent involved is general or specific." (Id. Exs. (App. 574).) The PCR court found that after review of the charges, the intent charge was "adequate under the current law" of the state and "not objectionable." (Id. Exs. (App. 727).) Allison contends that intoxication can render the defendant "incapable of forming the 'requisite intent.'" (Objections 22.)

> [V]oluntary intoxication, where it has not produced permanent insanity, is never an excuse for or a defense to crime, regardless of whether the intent involved be general or specific. Reason requires that a man who voluntarily renders himself intoxicated be no less responsible for his acts while in such condition. To grant immunity for crimes committed while the perpetrator is in such a voluntary state would not only mean that many offenders would go unpunished but would also transgress the principle of personal accountability which is the bedrock of all law.

State v. Vaughn, 232 S.E.2d 328, 330-31 (S.C. 1977). Allison did not plead insanity as a defense. Therefore, the charge was proper. As the magistrate judge noted, Allison's reliance on Hyman v. Aiken, 824 F.2d 1405 (4th Cir. 1987), is misplaced because in that case the court

15

found that a burden-shifting instruction was erroneous because of the substantial evidence of the defendant's intoxication. (Report & Recommendation 33-34.) However, no burden-shifting instruction was given in this case. As such, the PCR court's decision was not contrary to clearly established federal law, and the decision was not unreasonable in light of the evidence. Based on the foregoing, Allison's objection is without merit.

### e. Ineffective Trial Counsel for Failure to Object to Sentence

Allison alleges that trial counsel was ineffective for failing to object to his forty-year sentence for murder because the statute, S.C. Code Ann. § 16-3-20, provided only three possible sentences "death, life <u>or</u> thirty." Section 16-3-20(A) provides that "[a] person who is convicted of . . . murder must be punished by death, by imprisonment for life, or by a mandatory *minimum* of imprisonment for thirty years." (Emphasis added.) The PCR court found that Allison's forty-year sentence complied with the law. (Resp't Mem. Supp. Summ. J. Exs. (App. 728).) The court agrees. The minimum sentence is thirty years' imprisonment. As such, the PCR court's decision was not contrary to clearly established federal law, and the decision was not unreasonable in light of the evidence. Based on the foregoing, Allison's objection is without merit.

### f. Ineffectiveness of PCR Appellate Counsel

Lastly, Allison argues that the magistrate judge erred in concluding that he has no cognizable ineffective assistance of counsel claim against his PCR counsel. (Objections 21.) Allison submits that he is not challenging the effectiveness of his PCR counsel, but instead alleges that his PCR appellate counsel was constitutionally ineffective. However, this claim also fails. "There is no constitutional right to an attorney in state post-conviction proceedings." <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991). "Consequently, a petitioner cannot claim

constitutionally ineffective assistance of counsel in such proceedings." Id. Moreover, § 2254(i) plainly states, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Accordingly, Allison's objection is without merit.

Therefore, after a thorough review of the record and the magistrate judge's Report and Recommendation, the court adopts the Report and Recommendation.

Therefore, it is

**ORDERED** that Respondent's motion for summary judgment, docket number 17, is granted, and Allison's § 2254 petition, docket number 1, is dismissed.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
August 14, 2009

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.